

## NUMBER 13-13-00051-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JOSHUA JOSEPH CORBIN,          **Appellant,**

**v.**

THE STATE OF TEXAS,          **Appellee.**

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Joshua Joseph Corbin, attempted to perfect an appeal from a conviction for possession of a controlled substance. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on December 10, 2012. No motion for new trial was filed. On January 24, 2013, appellant was notified that his notice of appeal was

due on January 9, 2013, and appeared to be untimely. The notice of appeal was dated January 9, 2013, had a postmark date of January 11, 2013, and stamped "filed" by the district clerk on January 14, 2013. Appellant was instructed that if he contends that he placed the notice of appeal in the jail's system for processing in the U.S. Mail on or before the last day for filing, to provide supporting documentation. Appellant was advised that if no response was received, the appeal would be dismissed after February 4, 2013. Appellant has not responded to this notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Although the notice of appeal herein was filed within the 15-day time period for filing a motion for extension of time to file notice of appeal, no such motion for extension of time was filed. *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of April, 2013.

3